UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ROBERT W. GEDDES
SUSAN M. GEDDES

Debtor.

Case Number: 09-68334
Chapter 13
Judge **SHAPERO**

_____/

**ROBERT W. GEDDES and
SUSAN M. GEDDES,**

Plaintiffs,

v.

Adversary Case No.

**GREEN TREE SERVICING, LLC, AS SERVICING
AGENT FOR MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. and MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. and ALL ASSIGNS**

Defendants.
_____/

### COMPLAINT TO DETERMINE THE EXTENT OF THE LIEN OF GREEN TREE SERVICING, LLC AS SERVICING AGENT FOR MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and ALL ASSIGNS

Now come Plaintiffs herein, Robert W. Geddes and Susan M. Geddes, by and through Counsel, Acclaim Legal Services, PLLC, and move this Honorable Court as follows:

1. Jurisdiction of this matter is conferred on the court by 28 U.S.C. 1334(b).
2. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(K).
3. Venue is proper pursuant to 28 U.S.C. 1409(b).
4. Plaintiffs filed a Chapter 13 Petition on September 11, 2009.
5. A Chapter 13 Plan was filed which proposed to strip the lien of Green Tree Servicing, LLC, as servicing agent for Mortgage Electronic Registration Systems, Inc., and Mortgage Electronic Registration Systems, Inc. (hereinafter "Defendants") from the collateral commonly known as 13078 Masonic, Warren, MI 48088, treating its claim as wholly unsecured.
6. Wells Fargo Home Mortgage has a first priority mortgage on the property.
7. Defendants have a second priority lien on the above described real property, represented by a mortgage in the face amount of Ninety Two Thousand Three Hundred Dollars ($92,300.00), dated July 23, 2005 and recorded August 10, 2005 at Liber 17000, Page 514, in the Macomb County Register of Deeds.
8. That 11 U.S.C. 506(a) allows a creditor to have a secured claim to the extent of the value of its interest in the estate's interest in the property, and an unsecured claim to the extent that its interest is less than the amount of its allowed secured claim.

9. The value of the Plaintiffs' interest in the collateral does not exceed $70,000.00. (See Plaintiffs' schedule A, incorporated herein by reference).

10. The interest of the first mortgagee exceeds the $70,000.00 value of the collateral. (See Plaintiffs' schedule D, incorporated herein by reference).

11. There is no remaining interest in the estate's interest in the property to which the second priority lien of Defendants can attach.

WHEREFORE, The Plaintiffs pray that this Court enter an Order as follows:

A. That a mortgage in the face amount of Ninety Two Thousand Three Hundred Dollars ($92,300.00), dated July 23, 2005 and recorded August 10, 2005 at Liber 17000, Page 514, in the Macomb County Register of Deeds shall be stripped and discharged from the following described premises:

Land situated in the City of Warren, County of Macomb, State of Michigan, to wit:

LOT 4, RICHTER SUBDIVISION, AS RECORDED IN LIBER 49, PAGES 20 AND 21 OF PLATS, MACOMB COUNTY RECORDS, STATE OF MICHIGAN.

Tax ID: 13-02-426-007

Commonly known as: 13078 Masonic, Warren, MI 48088

B. That upon discharge of the Plaintiffs' bankruptcy case, the Defendants or subsequent assignee shall comply with L.B.R. 2015-5(a)(3)(A)(E.D.M.) and provide to the Plaintiffs a release, termination statement, discharge of mortgage, or other appropriate certificate suitable for recording.

C. That upon discharge of the Plaintiffs' bankruptcy case, the Order to Determine the Extent of a Lien Concerning Real Property may be recorded with the Register of Deeds to discharge the mortgage and release the lien held by Defendants in the face amount of Ninety Two Thousand Three Hundred Dollars ($92,300.00), dated July 23, 2005 and recorded August 10, 2005 at Liber 17000, Page 514, in the Macomb County Register of Deeds.

D. That if the Plaintiffs fail to complete the Chapter 13 plan and obtain a Chapter 13 discharge order in the bankruptcy case, this Order does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of the Plaintiffs either to compel the holder of the Mortgage to execute a discharge of the Mortgage, or to otherwise act as a discharge of the Mortgage.

Dated: October 13, 2009

/s/ William D. Johnson
WILLIAM D. JOHNSON (P54823)
Attorney for Debtor
17117 W. Nine Mile, Suite 925
Southfield, MI 48075
filing@acclaimlegalservices.com